# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **ANTHONY MARK MARGAVITCH, JR.**, aka | : | Chapter 13 |
| Anthony Mark Margavitch, aka | : | Case No. **5:19-bk-05353** |
| Debtor, | : | |
| | | |
| **ANTHONY MARK MARGAVITCH, JR.**, | : | |
| Plaintiff(s), | : | Adversary Proceeding No. |
| v. | : | **5:20-ap-00___** |
| **SOUTHLAKE HOLDINGS, LLC**, and | : | |
| **AUBURN LOAN SERVICING, INC.**, | : | |
| Defendant(s), | : | |

## COMPLAINT

AND NOW COMES Plaintiff(s), Debtor **ANTHONY MARK MARGAVITCH, JR.**, by and through his attorneys, FISHER CHRISTMAN, with Complaint, seeking damages for violations of the automatic stay, turnover, determination of secured status and injunctive relief against **SOUTHLAKE HOLDINGS, LLC,** and **AUBURN LOAN SERVICING, INC.**, and in support thereof aver(s):

1. Plaintiff Debtor **ANTHONY MARK MARGAVITCH, JR.**, ("Debtor" or "Plaintiff") filed the instant Bankruptcy Case under Chapter 13 on December 17, 2019 ("the Petition Date.")

2. Defendant **SOUTHLAKE HOLDINGS, LLC**, ("Southlake") is a limited liability company with a last known address care of Auburn Loan Servicing, Inc., 259 Minot Avenue, Auburn, ME 04210.

3. Defendant **AUBURN LOAN SERVICING, INC.,** ("Auburn") is corporation with a last known address of 259 Minot Avenue, Auburn, ME 04210.

4. On March 20, 2018, Southlake filed a Complaint against Debtor in the Court of Common Pleas of Luzerne County docketed at 2018-CV-03555 ("the Complaint.")

5. Upon information and belief, Auburn, as agent for Southlake, obtained counsel to file the Complaint, and directed that the Complaint be filed.

6. On May 18, 2018, via John R. K. Solt, Esquire, Southlake, via Auburn, obtained a default judgment against Debtor. A true and correct copy of the Praecipe for Judgment, which, upon execution and filing by the Prothonotary/Clerk, became the Judgment, is filed with this Complaint as an Exhibit and incorporated herein by reference as if set out at length.

7. On or about July 16, 2018, Southlake via Auburn (collectively "Defendants"), via Counsel, transferred the judgment to the Court of Common Pleas of Lackawanna County, docketed at 2018-CV-3869. A true and correct copy of the July 16, 2018 filings, including the Notice of and Praecipe for Judgment, which, upon execution and filing by the Prothonotary/Clerk, became the Judgment, is filed with this Complaint as an Exhibit and incorporated herein by reference as if set out at length.

8. On or about November 4, 2019, Defendants, via Counsel, filed a Writ of Execution in the Court of Common Pleas of Lackawanna County ("the Writ of Execution"). A true and correct copy of the Praecipe for Writ of Execution is filed with this Complaint as an Exhibit and incorporated herein by reference as if set out at length.

9. On or about November 26, 2019, the Lackawanna County Sheriff served the Writ of Execution on Penn East Federal Credit Union ("Penn East"). A true and correct copy of the "Sheriff's Return- Garnishee" is filed with this Complaint as an Exhibit and incorporated herein by reference as if set out at length.

10. Since the service of the Writ of Execution on Penn East, Debtor has had no access to his accounts and related funds at Penn East ("the Penn East Accounts.")

11. As of the Petition Date, the funds in Debtor's account at Penn East remained in the accounts at Penn East. See Docket Entry 1, page 15, items 17.1 and 17.3.

12. Debtor claimed the entire contents of the accounts at Penn East ("the Penn East Accounts") as exempt. See Docket Entry 1, page 23.

13. On the Petition Date, Counsel for Debtor, John Fisher, Esquire, sent correspondence to John R. K. Solt, Esquire, counsel of record for Defendants, with Notice of Bankruptcy Case Filing. A true and correct copy of the December 17, 2019 Correspondence is filed with this Complaint as an Exhibit and incorporated herein by reference as if set out at length.

14. On December 20, 2019, the Bankruptcy Noticing Center sent a copy of the Notice of Chapter 13 Bankruptcy to Defendants via first class mail to:

    a. John Solt, 2045 Westgate Drive, Suite 404B, Bethlehem PA 18017-7475; and

    b. Southlake Holdings LLC, c/oAuburn Loan Servicing Inc., 259 Minot Avenue, Auburn ME 04210-4810. See Docket Entry 14 in Bankruptcy Case 5:19-bk-05353.

15. As of January 10, 2020, Debtor had no access to the Penn East Accounts.

16. On or about January 10, 2020, John Fisher, Esquire, inquired by phone of John R. K. Solt, Esquire, with regard to the status of the account at Penn East.

17. On or about January 10, 2020, John Fisher, Esquire, was advised that, due to Debtor having non-exempt assets, the automatic stay did not apply to Debtor.

18. On January 17, 2020, J. Zac Christman, Esquire, sent correspondence to John R. K. Solt, Esquire, counsel of record for Southlake, with Notice of Chapter 13 Bankruptcy and a demand for release of the Penn East Accounts. A true and correct copy of the January 17, 2020 Correspondence is filed with this Complaint as an Exhibit and incorporated herein by reference as if set out at length.

19. On January 17, 2020, Southlake, via Counsel, demanded adequate protection payments from Debtor.

## COUNT I: VIOLATION OF AUTOMATIC STAY

20. Plaintiffs incorporate the averments of 1 through 19 above as if set out at length.

21. The failure of Defendants to discontinue the Write of Execution or release the Penn East Accounts constituted the "continuation, including the . . . employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

22. The failure of Defendants to discontinue the Write of Execution or the Penn East Accounts constituted the constituted "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the [Bankruptcy] case." 11 U.S.C. § 362(a)(2).

23. The failure of Defendants to discontinue the Write of Execution or release the Penn East Accounts constituted an "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

24. The failure of Defendants to discontinue the Write of Execution or release the Penn East Accounts constituted an "act to . . . enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4).

25. The failure of Defendants to discontinue the Write of Execution or release the Penn East Accounts constituted an "act to . . . enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(5).

26. The failure of Defendants to discontinue the Write of Execution or release the Penn East Accounts constituted an "act . . . recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6).

27. The violation(s) of the automatic stay were willful.

28. This Court has jurisdiction over Count I pursuant to 28 U.S.C. §§ 1334(a) & 1408.

29. Count I of the Complaint constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (B).

30. Plaintiff consents to entry of final order or judgment by the Bankruptcy Court with regard to Count I.

WHEREFORE, Plaintiff **ANTHONY MARK MARGAVITCH, JR.**, prays this Honorable Court for an Order entering judgment in his favor and against **SOUTHLAKE HOLDINGS, LLC,** and **AUBURN LOAN SERVICING, INC.**, an award of actual damages and attorneys' fees, and for such other and further relief as the Honorable Court deems just and appropriate.

**COUNT II: SECURED STATUS**

31. The averments of paragraphs 1 through 30 above are incorporated herein by reference as if set out at length.

32. "Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except . . . (2) a debt secured by a lien that is (A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and (ii) not void under section 506(d) of this title." 11 U.S.C. § 522(c).

33. Debtor's Chapter 13 Plan is anticipated to pay all timely filed and allowed unsecured claims in full.

34. Defendants have not filed a Proof of Claim to date.

35. Defendant's lien, if any, against the Penn East Accounts is avoidable.

36. As the judgment lien itself may not be subject to avoidance, due to non-exempt equity in real property, avoidance via an Adversary Proceeding not inappropriate.

5

37. This Court has jurisdiction over Count II pursuant to 28 U.S.C. §§ 1334(a) & 1408.

38. Count II of the Complaint constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (K) and (O).

39. Plaintiff consents to entry of final order or judgment by the Bankruptcy Court with regard to Count II.

WHEREFORE, Plaintiff **ANTHONY MARK MARGAVITCH, JR.**, prays this Honorable Court for an Order entering judgment in his favor and against **SOUTHLAKE HOLDINGS, LLC,** and **AUBURN LOAN SERVICING, INC.**, that **SOUTHLAKE HOLDINGS, LLC,** and **AUBURN LOAN SERVICING, INC.**, have no secured claim in Plaintiff's bank accounts at Penn East Federal Credit Union, and for such other and further relief as the Honorable Court deems just and appropriate.

## COUNT III: TURNOVER

40. Plaintiff incorporates the averments of 1 through 39 above as if set out at length.

41. "Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(b).

42. Debtor is empowered by 11 U.S. Code §§ 1303 & 363(d) to use property of the Estate.

43. Debtor is authorized to compel turnover under the circumstances by 11 U.S.C. § 522(g)(and authorized to avoid any transfer by 11 U.S.C. § 522(h).

44. This Court has jurisdiction over Count III pursuant to 28 U.S.C. §§ 1334(a) & 1408.

6

Case 5:20-ap-00014-MJC    Doc 1    Filed 02/10/20    Entered 02/10/20 18:54:01    Desc
Main Document    Page 6 of 8

45. Count III of the Complaint constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (K) and (O).

46. Plaintiff consents to entry of final order or judgment by the Bankruptcy Court with regard to Count III.

WHEREFORE, Plaintiff **ANTHONY MARK MARGAVITCH, JR.**, prays this Honorable Court for an Order entering judgment in his favor and against **SOUTHLAKE HOLDINGS, LLC,** and **AUBURN LOAN SERVICING, INC.**, that **SOUTHLAKE HOLDINGS, LLC,** and **AUBURN LOAN SERVICING, INC.**, turnover and/or release Plaintiff's bank accounts at Penn East Federal Credit Union, and for such other and further relief as the Honorable Court deems just and appropriate.

## COUNT IV: INJUNCTIVE RELIEF

47. Plaintiffs incorporate the averments of 1 through 46 above as if set out at length.

48. Debtor will suffer irreparable harm if the Defendants are not enjoined from continuing to violate the automatic stay with regard to the Penn East Accounts. See paragraphs 21-26 above.

49. Except for the counts above, Debtor has no adequate remedy at law with regard to the Penn East Accounts.

50. Defendants have deprived Debtor of the use of the accounts at Pen East in addition to the funds in the Penn East Accounts, hindering his ability to conduct his financial affairs normally.

51. Debtor has a substantial likelihood of prevailing on the merits of his claims against Defendants.

52. Defendants should not be allowed to benefit from their ability to deprive Debtor of the use of, and the funds in the Penn East Accounts.

53. An injunction against Defendant continuing to violate the automatic stay would not be contrary to the public interest.

54. This Court has jurisdiction over Count IV pursuant to 28 U.S.C. §§ 1334(a) & 1408.

55. Count IV of the Complaint constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (K) and (O).

56. Plaintiff consents to entry of final order or judgment by the Bankruptcy Court with regard to Count IV.

WHEREFORE, Plaintiff **ANTHONY MARK MARGAVITCH, JR.**, prays this Honorable Court for an Order granting injunctive relief against **SOUTHLAKE HOLDINGS, LLC,** and **AUBURN LOAN SERVICING, INC.**, that **SOUTHLAKE HOLDINGS, LLC,** and **AUBURN LOAN SERVICING, INC.**, be enjoined from continuing to violate the automatic stay with regard to bank accounts at Penn East Federal Credit Union, and for such other and further relief as the Honorable Court deems just and appropriate.

        **FISHER CHRISTMAN**

By:   /s/ J. Zac Christman
       **J. ZAC CHRISTMAN, ESQUIRE**
       Attorney for Debtor(s)
       530 Main Street
       Stroudsburg, PA 18360
       (570) 234-3960, fax (570) 234-3975
       zac@fisherchristman.com